# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

MARK BOLICH, JR. ,

    Plaintiff,

v.                                                      Case No: 8:21-cv-886-CEH-AEP

NELNET SERVICING, LLC and
NELNET DIVERSIFIED
SOLUTIONS, LLC,

    Defendants.
_____

## **ORDER**

    This cause comes before the Court on Plaintiff Mark Bolich, Jr.'s Unopposed Motion for Leave to File Documents and Portions of Documents Under Seal (Doc. 96). In the motion, Plaintiff requests permission to file certain exhibits and portions of his forthcoming response in opposition to the Nelnet Defendants'[1] Motion for Summary Judgment under seal, in accordance with a confidentiality agreement between the parties. *Id.* The exhibits detail the Nelnet Defendants' internal, proprietary policies and procedures for reviewing student loan accounts and responding to credit reporting disputes. *Id.* at 3-4, 6. The portions of the response in opposition that Plaintiff seeks to redact discuss the contents of those exhibits. *Id.* at 4. Plaintiff contends that the confidential nature of the information requires it to be filed

---

[1] The "Nelnet Defendants" refers to the only remaining defendants in the action: Nelnet Servicing, LLC, and Nelnet Diversified Solutions, LLC d/b/a Great Lakes Educational Loan Services, Inc.

under seal, never made public, and remain sealed until it is retrieved, or for a period of one year beyond the date that the case is closed or the duration of an appeal, at which time it may be destroyed. *Id.* at 6-7. The Nelnet Defendants agree with the relief Plaintiff seeks. *Id.* at 7.

Upon review and consideration, the Court will deny the motion without prejudice because Plaintiff has not established good cause for sealing the material.

## DISCUSSION

A motion to seal pursuant to Local Rule 1.11(c):

> (1) must include in the title "Motion for Leave to File Under Seal";
> (2) must describe the item proposed for sealing;
> (3) must state the reason:
>    (A) filing the item is necessary,
>    (B) sealing the item is necessary, and
>    (C) partial sealing, redaction, or means other than sealing are unavailable or unsatisfactory;
> (4) must propose a duration of the seal;
> (5) must state the name, mailing address, email address, and telephone number of the person authorized to retrieve a sealed, tangible item;
> (6) must include a legal memorandum supporting the seal; but
> (7) must not include the item proposed for sealing.

Local Rule 1.11(c), Middle District of Florida. The party seeking the seal must ensure that it sufficiently addresses these requirements as to all the items designated for sealing.

It has long been established that there is a "presumptive common law right to inspect and copy judicial records." *United States v. Rosenthal*, 763 F.2d 1291, 1293 (11th Cir. 1985) (citing *Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 597, (1978)).

2

"The common law right of access may be overcome by a showing of good cause, which requires 'balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential.'" *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (quoting *Chicago Tribune v. Bridgestone/Firestone,* 263 F.3d 1304, 1309 (11th Cir.2001)); *Digital Assurance Certification, LLC v. Pendolino*, No. 6:17-CV-72-CEM-TBS, 2017 WL 320830, at *2 (M.D. Fla. Jan. 23, 2017) (stating same).

> The question of whether good cause exists is decided:
>
>> "by the nature and character of the information in question." *Id.* at 1315. In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Romero*, 480 F.3d at 1246.  Good cause is established by showing that disclosure will cause "a clearly defined and serious injury." *Digital Assurance*, 2017 WL 320830, at *2.

Here, although Plaintiff's motion complies with the procedural requirements of Local Rule 1.11(c), Plaintiff has not adequately established that disclosure will cause a clearly defined and serious injury that overcomes the common law right of access.

Plaintiff asserts that the documents it requests to seal are confidential because they have been designated as such pursuant to the parties' confidentiality agreement. Doc. 96 at 3.  However, "[t]he parties' mutual agreement to keep documents

3

confidential or to seal materials is 'immaterial' to a court's decision regarding the public's right of access." *Reed v. CRST Van Expedited, Inc.*, 8:17-cv-199-JDW-CPT, 2018 WL 5077179, *2 (M.D. Fla. April 17, 2018) (Whittemore, J.), citing *Brown v. Advantage Engineering*, 960 F.2d 1013, 1016 (11th Cir. 1992).  Indeed, the Local Rules make clear that sealing "is not authorized by a confidentiality agreement… a designation of confidentiality, or a stipulation." Local Rule 1.11(a), Middle District of Florida.  As one court observed, "[i]f the only thing necessary to secure a seal were a mere declaration that a document is confidential, no judicial review would be needed and the open docket would be bare, indeed." *Ward v. EZCORP, Inc.*, 6:15-cv-474-ACC-DAB, 2016 WL 7666133, *1 (M.D. Fla. Feb. 29, 2016).  Thus, the fact that the parties agreed to the documents' confidentiality does not constitute good cause.

As to the documents' contents, Plaintiff explains that they "contain Nelnet Defendants' internal, proprietary policies and procedures." Doc. 96 at 6; *id.* at 3-4 (describing documents as containing Nelnet's "policies for responding to credit reporting disputes," its "instructions for review of certain portions of a student loan account," and work guides "for responding to credit reporting disputes.").  But documents containing a company's internal policies and procedures are not inherently confidential.  In *Reed*, for example, the court denied sealing of material that contained "private and proprietary information concerning CRST's private, internal processes for processing and evaluating employment candidates, as well as CRST's internal policies and procedures." 2018 WL 5077179 at *2.  Although CRST argued sealing was necessary to "protect [its] confidential information from unnecessary exposure,"

4

the court found that this conclusory statement failed to provide adequate legal justification to overcome the common law right of access. *Id.*; *see also Nguyen v. Raymond James & Associates, Inc.*, 8:20-cv-195-CEH-AAS, 2022 WL 61198, *6 (M.D. Fla. Jan. 6, 2022) (Honeywell, J.) (declining to seal material containing defendant's internal policies and procedures where defendant failed to establish its confidentiality); *Ward*, 2016 WL 7666133 at *1 (rejecting sealing because description of company's policies and procedures as confidential, sensitive, proprietary was insufficient to establish that the information was a trade secret that required sealing).

Without more, Plaintiff has not established that disclosure of the Nelnet Defendants' internal procedures and policies through the filing of unsealed exhibits and its unredacted response in opposition to the motion for summary judgment would cause a clearly defined and serious injury, such that it overcomes the public's right to access. Therefore, the motion is denied, without prejudice to renewal upon a showing of sufficient grounds to find the material to be entitled to protection.

Accordingly, it is **ORDERED**:

1. Plaintiff Mark Bolich, Jr.'s Unopposed Motion for Leave to File Documents and Portions of Documents Under Seal (Doc. 96) is **DENIED without prejudice**.

2. Plaintiff's Motion for Leave to File Document Under Seal (Doc. 95) is **DENIED as moot**.

**DONE** and **ORDERED** in Tampa, Florida on December 9, 2022.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties